UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINDA THOMAS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1085** |
| **AMERICAN NATIONAL PROPERTY INSURANCE COMPANY** | **SECTION "C" (3)** |

### ORDER AND REASONS[1]

Before the Court are the parties' memoranda on the issues of whether Plaintiffs are misjoined and whether subject matter jurisdiction exists. (Rec. Doc. 7). Having reviewed the record, memoranda of counsel, and the law, this Court finds that it lacks subject matter jurisdiction over this lawsuit.

### I. Background

Plaintiffs are twenty Louisiana residents, which Defendant American National Property and Casualty Insurance Company[2] reportedly insured "against fire, wind, and wind related damages." (Rec. Doc. 1-4 at 2). Defendant is a Missouri corporation that has its principal place of business in Missouri. (Rec. Doc. 1 at 2). On March 21, 2011, Plaintiffs joined themselves pursuant to La. Code Civ. Proc. art. 463 and filed suit in the 34th Judicial District Court for St. Bernard Parish, seeking from Defendant, *inter alia*, "[a]ll amounts due to them under the terms and conditions of [their respective insurance] polic[ies]." (Rec. Doc. 1-4 at 3-4). Plaintiffs included in their complaint an irrevocable stipulation that avers "that the amount in controversy

---

[1] Sami Dudar, a third-year law student at the University of Georgia School of Law, assisted in the drafting of this order.

[2] The original complaint incorrectly identified Defendant as "American National Property Insurance Company." (Rec. Doc. 15 at 1).

1

for each particular claim is less than $75,000 . . . ." *Id*. at 4; *see id.* at 8-26 (containing irrevocable stipulation for each Plaintiff). On May 6, 2011, Defendant timely filed its Notice of Removal. (Rec. Doc. 1 at 2). On May 17, 2011, this Court ordered the parties to submit memoranda on the issues of whether Plaintiffs are misjoined and whether this Court has subject matter jurisdiction over the lawsuit. (Rec. Doc. 7).

## II. Law and Analysis

### A. Subject Matter Jurisdiction

A court that lacks the statutory or constitutional power to adjudicate a case must dismiss the case for lack of subject matter jurisdiction. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). 28 U.S.C. § 1441(a) authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Under subsection (b), claims "arising under the Constitution, treaties or laws of the United States" are "removable without regard to the citizenship or residence of the parties." *Id*. § 1441(b). All other claims are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." *Id*.

Defendant, as the removing party, "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002). In determining whether a court has subject matter jurisdiction, a court is to narrowly construe the removal statute, resolving all "doubts regarding whether removal jurisdiction is proper . . . against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d

335, 339 (5th Cir. 2000); *see Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (holding that a court is to resolve disputed questions of fact in nonmovant's favor).

1.  Diversity Jurisdiction

Federal courts have subject matter jurisdiction over a case involving diverse parties and a "matter in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Furthermore, "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been *improperly* or *collusively* joined to manufacture federal diversity jurisdiction. *Smallwood v. Ill. Cntr. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

Regarding diversity of citizenship, Defendant makes the case that Plaintiffs are "fraudulently misjoined"[3] such that diversity jurisdiction cannot be defeated. (Rec. Doc. 15 at 4). Normally, the doctrine of improper joinder permits "a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined'" by ignoring the citizenship of the non-diverse party. *Smallwood*, 385 F.3d at 573; *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006) ("[U]nder the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in state defendant.").

In this case, there is no issue that the parties are completely diverse. (Rec. Doc. 11 at 3) ("Plaintiffs do not deny that there is a complete diversity of citizenship between each of the [P]laintiffs named in the instant lawsuit and [D]efendant . . . ."). Instead, Defendant seeks the remedy of improper joinder applied in *Accardo*: there, although plaintiffs were all misjoined, the

---

[3] The Fifth Circuit has substituted the term "fraudulent joinder" with "improper joinder." *Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005).

court severed the non-diverse parties to achieve complete diversity, then simply determined whether the jurisdictional amount was met with respect to the remaining claims to avoid severance and remand while still maintaining diversity jurisdiction. *See Accardo*, 2007 WL 325368 at \*6.

However Defendant's reliance on the principle of improper joinder is misplaced and cannot achieve the remedy it seeks. Improper joinder is premised on the joinder of a non-diverse party with the aim of destroying diversity among the parties. *See Smallwood*, 385 F.3d at 573 ("[T]he purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined . . . ."); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("This court's caselaw reflects that the doctrine has permitted courts to ignore (for jurisdictional purposes) only those non-diverse parties on the record in state court at the time of removal."). Seeing that the parties are already completely diverse, this Court finds that Defendant's theory does not fit squarely within the purpose of the improper joinder doctrine.

Even the application of Defendant's theory of improper joinder would not alleviate the ailment to diversity jurisdiction caused by the failure for any claim to meet the jurisdictional amount. "[I]f a plaintiff pleads damages less than the jurisdiction amount, he generally can bar a defendant from removal." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (noting that the plaintiff is the "master of his complaint"). Plaintiffs have signed an irrevocable stipulation that purports to bind each Plaintiff to a judgment of less than the jurisdictional amount. (Rec. Doc. 11 at 4). Defendant argues that the stipulation in question is not binding and should not govern this Court's determination whether the jurisdictional amount is met because the State of Louisiana–"an indivisible co-owner and necessary real party-in-interest for the claims asserted by [P]laintiffs"–is not a signee. (Rec. Doc. 15 at 6). However, this Court has

4

consistently recognized that even if a stipulation stating that the jurisdictional amount is not met may not be "binding" for purposes of La. Code Civ. P. art. 862 under the reasoning in *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 (E.D. La.) (J. Vance), it is nonetheless, strong evidence that the jurisdictional amount is not met.

### 2. Federal Question Jurisdiction

28 U.S.C. § 1331 confers subject matter jurisdiction on a federal district court over cases "arising under the Constitution, laws, or treaties of the United States." Under the "well-pleaded complaint rule," the face of "[t]he complaint must state a cause of action created by federal law or it must assert a state-law cause of action requiring 'the resolution of a substantial question of federal law.'" *Torres v. S. Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). The well-pleaded complaint rule does not permit a court to consider "anticipated or potential defenses, including defenses based on federal preemption . . . ." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008) (reasoning that the "well-pleaded complaint rule focuses on whether the plaintiff has affirmatively alleged a federal claim, thus providing a basis for federal jurisdiction").

Defendant points out that this Court may have subject matter jurisdiction over Plaintiff Sylvia Penny's claims based on original jurisdiction conferred by Congress in the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001-4129, and federal question jurisdiction pursuant to § 1331 under the same statute. (Rec. Doc. 1 at 48-49). Specifically, Defendant argues that the only policy that Defendant issued Plaintiff Sylvia Penny was a Standard Flood Insurance Policy ("SFIP") "governed exclusively by . . . the [NFIA] . . . ." *Id.* at 49-50. Accordingly, any viable claims Plaintiff Penny would have must arise under federal law. *Id.*;

5

(Rec. Doc. 1 at 6) ("The only claims that could be pursued by Sylvia Penny against [Defendant] are for coverage and payment under the SFIP.").

This Court rejects Defendant's arguments that subject matter jurisdiction exists under the NFIA or federal question jurisdiction. The face of the complaint alleges damages under Defendant's insurance policies for "fire, wind, and wind related damages." (Rec. Doc. 1-4 at 2). Nowhere in the complaint is the term "flood" used or a claim under the SFIP asserted. Defendant even recognizes that the SFIP in question provides "a valid defense" against Plaintiff Penny's cause of action "[f]rom the face of the pleadings." (Rec. Doc. 1 at 6). Accordingly, this Court cannot consider Defendant's use of the NFIA as an anticipated or potential defense when determining whether Plaintiffs have asserted a federal claim on the face of the complaint.[4]

3. The Class Action Fairness Act

The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), gives federal district courts original jurisdiction over cases in which: (1) at least 100 members constitute the proposed class; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) at least one plaintiff and one defendant are completely diverse. 28 U.S.C. § 1332(d)(2), (5)(B).

Defendant argues that eight Plaintiffs[5] meet CAFA's elements because they are already part of a certified class in a separate class action suit, *The State of Louisiana, et al. v. AAA Ins., et al.*, No. 07-5528 (E.D. La.). (Rec. Doc. 15 at 18). Without exercising this Court's jurisdiction

---

[4] This Court takes notice of the fact that while Defendant has elaborated in its memoranda on other means of establishing subject matter jurisdiction argued in its Notice of Removal, Defendant has not further pursued its arguments for federal question jurisdiction.

[5] These Plaintiffs are Linda Thomas, Jamie Cargo, Ines Ramos, Herman Bienemy, Judith Blanchard, Pauline Gioe, Cheryl Price-Rodrigue, and Marie Perez. (Rec. Doc. 15 at 18).

pursuant to CAFA, Defendant argues that Plaintiffs will be impermissibly splitting their claims. *Id.*

This Court finds that it does not have original jurisdiction based on CAFA. Not only is the lawsuit limited to only twenty Plaintiffs, (Rec. Doc. 1-4 at 2), but the aggregate amount in controversy–$1.5 million, at best–falls far below the $5 million threshold. Defendant's argument that eight Plaintiffs satisfy CAFA's requirements by virtue of being involved in a separate class action suit does not follow from the fact that, here, a new civil action is involved, over which this Court requires its own subject matter jurisdiction.

Defendant's claim-splitting argument is similarly unpersuasive. The doctrine of claim preclusion prevents a party from splitting its claim by "foreclos[ing] litigation of matters that (1) have previously been litigated, or (2) have never been litigated but should have been advanced in an earlier suit." *Super Van Inc. v. City of San Antonio*, 92 F.3d 366, 370 (5th Cir. 1996). However, claim preclusion does not itself confer jurisdiction, but is rather a defense "to protect the defendant from being harassed by repetitive actions based on the same claim." *Id.* at 371. Nowhere in § 1441 do concerns over claim-splitting vest this Court with jurisdiction. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 372 (5th Cir. 1995) ("Nowhere in the removal statute can we locate an efficiency exception" that "the costs resulting from intercourt claim splitting should justify removal . . . . The statute simply does not address issues of judicial economy and litigation management-manners beyond the scope of the statute's language and policy."); *Morrison v. New Orleans Pub. Serv. Inc.*, 415 F.2d 419, 425 (5th Cir. 1969) (affirming dismissal of action for nonjoinder in face of "Louisiana prohibition against claim-splitting" where joinder would deprive court of subject matter jurisdiction); *Lawson v. La. Eye Center of New Orleans, P.C.*, Nos. 93-2687 & 93-3008, 1993 WL 500804, at *2 (E.D. La. Nov. 29, 1993)

("Although claim splitting is discouraged . . . it is *not grounds for removal jurisdiction*.") (emphasis added).

4. Supplemental Jurisdiction

28 U.S.C. § 1367 grants the district court supplemental jurisdiction over claims so related to those which the court exercises original jurisdiction that they are part of the same case or controversy. § 1367(a). Defendant asserts that this Court has supplemental jurisdiction over any claims that do not provide this Court with an independent basis for subject matter jurisdiction. (Rec. Doc. 15 at 22). However, because this Court has already determined that it lacks subject matter jurisdiction over any claim in this lawsuit, supplemental jurisdiction does not apply.

B. Misjoinder

Because this Court has already determined that it lacks subject matter jurisdiction over all claims, there is no reason to consider the issue of whether the plaintiffs are misjoined.

### III. Conclusion

Accordingly,

IT IS ORDERED that Plaintiffs' claims be remanded to the 34th Judicial District Court for St. Bernard Parish.

New Orleans, Louisiana, this 19th day of July, 2011.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE